**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 00-60426
Summary Calender

---

CERES MARINE TERMINALS,

Petitioner,

VERSUS

DAVID HINTON; DIRECTOR,
OFFICE OF WORKER'S COMPENSATION PROGRAMS, U.S. DEPARTMENT OF LABOR,

Respondents.

---

Petition for Review of an Order
of the Benefits Review Board

---

March 9, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Petitioner, Ceres Marine Terminals (the "Employer") petitions for review of attorney fees awarded by the Benefits Review Board to claimant David Hinton. We enforce the order.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

This proceeding arises from a claim filed under the provisions of the Longshore and Harbor Workers' Compensation Act, as amended, 33 U.S.C. § 901. The Benefits Review Board affirmed an award of compensation, which is the subject of a separate appeal (Cause No. 00-60171). On February 22, 2000, Claimant's counsel filed a motion for award of attorney fees pursuant to 20 C.F.R. § 802.203. Counsel requested a fee of $6,662.50 for 20.50 hours of legal services at an hourly rate of $325.00. The Benefits Review Board (the "Board") reduced the hourly rate to $200.00 and found the request reasonable in all other respects. On March 30, 2000, the Board awarded attorney's fees of $4,100 to Hinton.

The Employer filed a motion for reconsideration, stating that it was not served with the fee petition, and objected to the hourly rate awarded and to some of the services claimed. The Board noted the Employer's objections, but found the fee reasonable and denied the motion for reconsideration.

We review the decision of the Board for errors of law and to assure there is substantial evidence in the record to support the decision. 33 U.S.C. § 921.

The Employer contends that the Board erred in failing to adequately set out its reasons for overruling the objections. The Employer also contends that the time records were inaccurate because all notations were in half or full hour increments, rather the one/eighth hour increments. Finally, the Employer complains that some of the time claimed was unnecessary.

Having reviewed the record in this matter, we find no error of fact or law in the Board's order.

The attorney fees order is enforced.

ENFORCED.